# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 20581407
Date Processed: 10/23/2019

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Rochelle Lewis<br>Scotty Bauder<br>Rebecca Hartley<br>Kimberly Thomas<br>Lizette Fernandez<br>Theresa Nixon<br>Karen Curtis<br>Lynn Foley-Jefferson<br>Joell Parks<br>Gianmarco Vairo<br>Christine Schram<br>Stephen Swisher<br>Sara Rawson<br>Michelle King<br>Annamaria Taskai<br>Maria Catana<br>Eugide Matondo<br>Jesse Jensen |

| | |
|---|---|
| **Entity:** | Amazon Web Services, Inc.<br>Entity ID Number 2684737 |
| **Entity Served:** | Amazon Web Services, Inc., A Delaware Corporation |
| **Title of Action:** | Asia Hryniewicki vs. Amazon Web Services, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Lake County Circuit Court, IL |
| **Case/Reference No:** | 19CH00001155 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 10/22/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jad Sheikali<br>312-893-7002 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FILED
10/8/2019 2:30 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| ASIA HRYNIEWICKI, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 19CH00001155 |
| v. | ) ) ) | Hon. |
| AMAZON WEB SERVICES, INC., a Delaware corporation. | ) ) ) | Jury Trial Demanded |
| Defendant. | ) ) ) | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Asia Hryniewicki ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Amazon Web Services, Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Plaintiff alleges as follows based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. Defendant is a leading cloud provider in the United States, offering its customers the ability to store their data, access their data remotely, and create back-up copies of their data.

1

3. Defendant stores a myriad of types of data on behalf of a wide range of customers spanning virtually every industry sector.

4. Notably, Defendant also offers cloud storage services for businesses that handle biometric identifiers and biometric information. For example, some of Defendant's customers are commercial businesses that require their employees to provide their biometrics, e.g. fingerprints, to check in and out of their shifts at work. In such a scenario, Defendant stores data and information that is generated as a result of the capture, collection, and processing of biometric identifiers. This information is considered "biometric information" subject to regulation under BIPA.

5. Indeed, BIPA not only regulates the conduct of entities that capture and collect biometric identifiers, such as many of Defendant's commercial customers, but also of entities that store data and information derived from those biometric identifiers, like Defendant.

6. BIPA provides, *inter alia*, that private entities, such as Defendant, may not store an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

   a. inform that person in writing that biometric identifiers or biometric information will be stored;

   b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being stored; and

   c. receive a written release from the person for the storage of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

7. BIPA also requires private entities in possession of biometric information to develop a publicly available written policy outlining their biometric data storage and destruction policies. 750 ILCS 14/15(a).

8. Despite obtaining, storing, and possessing biometric information of thousands of Illinois residents, including Plaintiff's biometrics, on behalf of scores of its customers, Defendant failed to comply with BIPA.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

10. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or through a prominently featured notice affixed to a biometric-enabled device.

11. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

12. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

13. On behalf of herself and the proposed Class and Subclass defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

14. Defendant Amazon Web Services, Inc., is a Delaware corporation that conducts, and is licensed by the Illinois Secretary of State to conduct, business throughout Illinois, including in Lake County, Illinois.

15. At all relevant times, Plaintiff has been a resident of Lake County, Illinois and a citizen of the state of Illinois.

## JURISDICTION AND VENUE

16. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

17. Venue is proper in Lake County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Lake County, Illinois, and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Lake County, Illinois.

## FACTS SPECIFIC TO PLAINTIFF

18. In order to store the same on its cloud servers on behalf of its commercial customers, Defendant obtained and possessed data and information, and/or portions of data and information, that were derived from Plaintiff's biometric identifiers, i.e. Defendant obtained and stored Plaintiff's biometric information. Such information would not exist absent the capture and collection of Plaintiff's biometric identifiers by Defendant's commercial customers and Defendant's subsequent possession and storage of the same.

19. After its commercial customers capture and collect the biometric identifiers of individuals such as Plaintiff, Defendant stores biometric information that is derived from such biometric identifiers in a multitude of digitally converted formats.

20. On information and belief, Defendant has custody and control of the biometric information that it obtains and stores on its cloud servers. Defendant converts this information into usable formats and mediums for its customers.

4

21. Despite possessing Plaintiff's biometric information, Defendant has failed to implement a publicly available biometric data retention and destruction policy as required by Section 15(a) of BIPA.

22. Further, despite obtaining and subsequently storing Plaintiff's biometric information, Defendant failed to inform Plaintiff of the length of time and purpose for which it was storing her biometrics, nor did Defendant obtain Plaintiff's informed written consent prior to obtaining and storing her biometrics, all in violation of Section 15(b) of BIPA.

23. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass (unless otherwise noted, "Class") defined as follows:

> **Class**: All residents of the state of Illinois whose biometric identifiers or biometric information was stored by Defendant on behalf of a third-party at any time within the applicable limitations period.

25. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

26. There are at least thousands, if not hundreds of thousands, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

5

27. Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the bases of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

28. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

 a. Whether Defendant stores data or information that is derived or based on biometric identifiers;

 b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

 c. Whether Defendant's conduct violates BIPA;

 d. Whether Defendant's BIPA violations are willful or reckless; and

 e. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

29. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

30. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and

have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

31. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)
### (On behalf of Plaintiff and the Class and against Defendant)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendant is a private entity under BIPA. 740 ILCS 14/10.

34. Section 15(a) of BIPA provides that private entities in possession of biometric information must develop a publicly available biometric data retention and destruction policy.

35. As discussed herein, Defendant obtains and stores biometric information on behalf of its customers, and Defendant obtained and stored Plaintiff's biometric information. Thus, Defendant necessarily, even if temporarily, possessed Plaintiff's biometric information in order to store the same and make the same available for remote and third-party access to its customers.

36. On information and belief, Defendant maintains custody and control of the biometric information it possesses on its servers.

37. Despite obtaining Plaintiff's biometric information and in violation of Section 15(a) of BIPA, Defendant failed to develop and make publicly available a biometric data retention and destruction policy.

38. Thus, Defendant violated Section 15(a) of BIPA and, in doing so, has violated Plaintiff's substantive state rights to biometric privacy

39. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

40. Defendant's violations of Section 15(a) of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(a) BIPA.

41. Accordingly, with respect to Count I, Plaintiff, on behalf of herself and the proposed Class, prays for the relief set forth below, including statutory damages for each of Defendant's violations of Section 15(a) of BIPA.

## COUNT II
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)
### (On behalf of Plaintiff and the Class and against Defendant)

42. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

43. Defendant is a private entity under BIPA. 740 ILCS 14/10.

44. Section 15(b) of BIPA provides that private entities may not store an individual's biometric information unless they first inform the individual of the purpose and length of time for which such biometric information is being stored and obtain such individual's written consent.

45. As discussed herein, Defendant obtains and stores biometric information on behalf of its customers, and Defendant obtained Plaintiff's biometric information, in order to store the same and make the same available for remote and third-party access.

46. On information and belief, Defendant maintains custody and control of the biometric information it stores on its servers.

47. Despite storing Plaintiff's biometric information and in violation of Section 15(b) of BIPA, Defendant failed to provide Plaintiff with any notice concerning the purpose for which

8

her biometric information was being stored by Defendant, the length of time for which Defendant planned to store her biometric information, or when Defendant planned to delete her biometric information, nor did Defendant obtained Plaintiff's written consent before storing her biometric information.

48. Thus, Defendant violated Section 15(b) of BIPA and, in doing so, has violated Plaintiff's substantive state rights to biometric privacy.

49. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

50. Defendant's violations of Section 15(b) of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b) BIPA.

51. Accordingly, with respect to Count II, Plaintiff, on behalf of herself and the proposed Class, prays for the relief set forth below, including statutory damages for each of Defendant's violations of Section 15(b) of BIPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate Sections 15(a) and 15(b) of BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 8, 2019

Respectfully Submitted,

ASIA HRYNIEWICKI, individually and on behalf of a class of similarly situated individuals

By: /s/ Jad Sheikali
One of Plaintiff's Attorneys

Jad Sheikali (ARDC #6324641)
Andrew T. Heldut (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jsheikali@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*