# EXHIBIT B

Return Date: No return date scheduled Hearing Date: 3/16/2020 9:30 AM - 9:30 AM Courroom Number: 2308
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED [10/8/2019 2:30 PM ERIN CARTWRIGHT WEINSTEIN]
11/15/2019 7:22 AM
DOROTHY BROWN
CIRCUIT CLERK

FILED DATE: 11/15/2019 7:22 AM 2019CH13251

IN THE CIRCUIT COURT OF [THE NINETEENTH JUDICIAL CIRCUIT LAKE COUNTY, ILLINOIS]COOK COUNTY, ILLINOIS 0X COUNTY, IL
COUNTY DEPARTMENT, CHANCERY DIVISION    2019GH4 3261

[ASIA HRYNIEWICKI] **MARTIN RAGSDALE**, individually and on behalf of similarly situated individuals, ) [Clerk of the Circuit Court Lake County, Illinois]

7376791

N    2019CH13251

*Plaintiff,*    ) ) Hon.

[)]) Jnzy Trial Demanded

[-)]

[)]

AMAZON WEB SERVICES, INC., a Delaware corporation.    )
)
_____*Defendant.*

[No. 19CH00001155]

[Hon..]

[Jury Trial Demanded]

## CLASS **ACTION COMPLAINT** AND JURY DEMAND

Plaintiff [Asia Hryniewicki]**Martin Ragsdale** ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Amazon Web Services, Inc. ("[Dcfendant]**Defendant**") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, [e/]*et seq.* ("BIPA"). Plaintiff alleges as follows based on personal knowledge as to [her]**his** own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by [her]**his** attorneys.

INTRODUCTION

1.  BIPA defines a "biometric identifier" as any personal feature that is unique to an [indiYidual]**individual**, including fingerprints and hand geometry. "Biometric information" is

any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

     2.     Defendant is a leading cloud provider in the United States, offering its customers the ability to store their [dnta]**data**, access their data remotely, and [creute]**create** back-up copies of their data.

3. Defendant stores a myriad of types of data on behalf of a wide range of customers spanning virtually every industry sector.

4. Notably, Defendant also offers cloud storage services for businesses that handle biometric identifiers and biometric information. For example, some of Defendant's customers are commercial businesses that require their employees to provide their biometrics, e.g. fingerprints, to check in and out of their shifts at work. In such a scenario, Defendant stores data and information that is generated as a result of the capture, collection, and processing of biometric identifiers. This information is considered "biometric information" subject to regulation under BIPA.

5. Indeed, BIPA not only regulates the conduct of entities that capture and collect biometric identifiers, such as many of Defendant's commercial customers, but also of entities that store data and information derived from those biometric identifiers, like Defendant.

6. BIPA provides, *inter [a/in]alia*, that private entities, such as Defendant, may not store an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

    a. inform that person in writing that biometric identifiers or biometric information will be stored;

    b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being stored; and

    c. receive a written release from the person for the storage of their biometric identifiers or biometric information.

740 ILCS 14/15(b)([1]1)-(3).

2

FILED DATE: 11/15/2019 7:22A IV 2019CH13251

7. BIPA also requires private entities in possession of biometric information to develop a publicly available written policy outlining their biometric data storage and destruction policies. 750 ILCS 14/15(a).

8. Despite obtaining, storing, and possessing biometric information of thousands of Illinois residents, including Plaintiffs biometrics, on behalf of scores of its customers, Defendant failed to comply with BIPA.

9. Plaintiff brings this action for statutory damages and other remedies as a result [i>f]**of** Defendant's conduct in violating [her]**his** biometric [privacy]**priYacy** rights under BIPA.

10. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or through a prominently featured notice affixed to a biometric-enabled device.

11. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

**12.** [12.]The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature [sought]**sought** to prevent.

13. On behalf of [herself]**himself** and the proposed Class and Subclass defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs

and reasonable attorneys[']**'** fees.

PARTIES

14. Defendant Amazon [Web]**Web** Services, Inc., is a Delaware corporation that conducts, and is licensed by the Illinois Secretary of State to conduct[,] business throughout Illinois[, including in Lake County, Illinois] **and in**

**Cook County. Defendant transacts business throughout the State and intentionally seeks to**

**transact with Illinois residents**.

15. At all [relevant]**releYant** times, Plaintiff **Martin Ragsdale** has been a resident [of Lake County, Illinois mid a]**and** citizen of the state of Illinois.

## JURISDICTION AND VENUE

16. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because [Plaintiffs]**Plaintiffs** claims arise out of Defendant's unlawful in-state actions.

**17.** [17.]Venue is proper in [Lake]**Cook** County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant is doing business in [Lake]**Cook** County, Illinois, and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in [Lake]**Cook** County[, Illinois].

## FACTS **SPECIFIC TO PLAINTIFF**

18. In order to store the same on its cloud servers on behalf of its commercial customers, Defendant obtained and possessed data and information, and/or portions of data and information, that were [derived]**deriYed** from [Plaintiffs]**Plaintil1°s** biometric identifiers, i.e. Defendant obtained and stored [Plaintiff s]**Plaintiffs** biometric information. Such information would not exist absent the capture and collection of [Plaintiff s]**Plaintiffs** biometric identifiers by Defendant's [commercial ]customers and Defendant's subsequent possession and storage of the same.

19. After its commercial customers capture and collect the biometric identifiers of individuals such as Plaintiff, Defendant [Stores]**stores** biometric information that is derived from such biometric identifiers in a multitude of digitally converted formats.

20. On information and belief, Defendant has custody and control of the biometric information that it obtains and stores on its cloud servers. Defendant converts this information into usable formats and mediums for its customers.

21. Despite possessing Plaintiffs biometric information, Defendant has failed to implement a publicly available biometric data retention and destruction policy as required by Section 15(a) of BIPA.

22. Further, despite obtaining and subsequently storing [~~Plaintiffs biometric~~]**Plaintiff's biometric** information, Defendant failed to inform Plaintiff of the length of time and purpose for which it was storing [~~her~~]**his** biometrics, nor did Defendant obtain [~~Plaintiffs~~]**Plaintiff's** informed written consent prior to obtaining and storing [~~her~~]**his** biometrics, all in violation of Section 15(b) of BIPA.

23. By failing to comply with BIPA, Defendant has violated Plaintiffs substantive state rights to biometric privacy.

CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of [~~herself~~]**himself** and a class of similarly situated [~~individuals~~]**indiYiduaIs** pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass (unless otherwise noted, "Class") defined as follows:

> Class: All residents of the state *of* Illinois whose biometric identifiers *or* biometric information was stored by Defendant on behalf of a third-party at any time within the applicable limitations period.

25. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any [~~immediate~~]**immedi6te** family member of such officer or director.

26. There are at least thousands, if not hundreds of thousands, [~~of~~]**of** members of the Class, making the members of the Class so numerous that joinder of all members is impracticable.

FILED DATE: 11/15/2019 7:22 AM 2019CH13251

Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

27. Plaintiffs claims are typical of the claims of the Class [~~she~~]**he** seeks to represent, because the bases of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

28. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant stores data or information that is derived or based on biometric identifiers;

    b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

    c. Whether Defendant's conduct violates BIPA;

    d. Whether Defendant's BIPA violations are willful or reckless; and

    e. Whether Plaintiff and the Class are entitled to damages and [~~injunctive~~]**injunctive** relief.

29. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

30. Plaintiff will fairly and adequately represent and protect the interests of the

other members of the Class [~~she~~]**he** seeks to represent. Plaintiff has retained counsel with substantial[ ~~experien ce in prosecu ting~~]

**experience in prosecuting** complex litigation and class actions. Plaintiff and [~~her~~]**his** counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor [~~her~~]**his** counsel has any interest adverse to those of the other members of the Class.

31. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

COUNT I
Violations **of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
(On **behalf of Plaintiff and the** Class and **against Defendant**)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendant is a private entity under BIPA. 740 ILCS 14/10.

34. Section [~~IS~~]**15**(a) of BIPA provides that private entities in possession of biometric information must develop a publicly available biometric data retention and destruction policy.

35. As discussed herein, Defendant obtains and stores biometric information on behalf of its customers, and Defendant obtained and stored [~~Plaintiffs~~]**Plaintiff s** biometric information. Thus, Defendant necessarily, even if temporarily, possessed Plaintiffs biometric information in order to store the same and make the same available for remote and third-party access to its customers.

36. On information and belief, Defendant maintains custody and control of the biometric information it possesses on its servers.

FILED DATE: 11/15/2019 7:22 AM 2019CH13251

FILED DATE: 11/15/2019 7:22 AM 2019CH13251

37. Despite obtaining Plaintiffs biometric information and in violation of Section [~~15~~]**l5**(a) of BIPA, Defendant failed to develop and make publicly available a biometric data retention and destruction policy.

38. Thus, Defendant violated Section [~~15~~]**15**(a) of BIPA and, in doing so, has violated[~~P lainl if Us Su bstantive~~] **Plaintiff's substantive** state rights to biometric *privac*y

39. [~~39,~~]BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20([~~l~~]**1**)-(2).

40. [~~Defendanl~~]**Defendant'**s violations of Section 15(a) of BIPA, as set forth herein, were [~~bowing~~]**knowing** and willful, or were at least in reckless disregard of the [~~Statutory~~]**statutory** requirements. Alternatively, Defendant negligently failed to comply with Section 15(a) BIPA.

41. Accordingly, with respect to Count I, Plaintiff, on behalf of [~~herself~~]**himself** and the proposed Class, prays for the relief set forth below, including statutory damages for each of Defendant's violations of Section 15(a) of BIPA.

## COUNT II
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b) (On behalf of Plaintiff and the Class and against Defendant)**

42. Plaintiff hereby incorporates the foregoing [~~allegations~~]**alle8ations** as if fully set forth herein.

43. Defendant is a private entity under BIPA. 740 ILCS 14/10.

44. Section [~~IS~~]**15**(b) of BIPA provides that private entities may not store an individual[~~'~~]**'**s biometric information unless they first inform the individual of the purpose and length of time for which such biometric [~~information~~]**tnformation** is being stored and obtain such individual's written consent.

45. As discussed herein, Defendant obtains and stores biometric information on behalf of its customers, and Defendant obtained [Plaintiff's]**Plaintiffs** biometric information, in order to store the same and make the same available for remote and third-party access.

46. On information and belief, Defendant maintains custody and control of the biometric information it stores on its servers.

47. Despite storing [Plainti f"Ps]**Plaintiff s** biometric information and in violation of["] Section 15(b) of BIPA, Defendant failed to provide Plaintiff with any notice concerning the purpose for which[her bioiiietric infomialion] **his biometric information** was being [Stored]**stored** by Defendant, the [lenglh]**length** of time for which Defendant [plilnned]**planned** to store [her]**his** biometric information, or when Defendant planned to delete [her]**his** biometric [infonnatiou]**information**, nor did Defendant obtained [Plaintiff s]**Plaintiffs** written consent before storing [her]**his** biometric information.

48. Thus, Defendant violated Section 15(b) of BIPA and, in doing so, has violated Plaintiffs substantive state rights to biometric privacy.

49. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $[1,000]**1,000** for each negligent violation of BIPA. 740 ILCS 14/20([1]**1**)-(2).

50. Defendant[²]**'**s violations of Section 15(b) of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b) BIPA.

51. Accordingly, with respect to Count II, Plaintiff, on behalf of [herself]**himself** and the proposed Class, prays for the relief set forth below, including statutory damages for each of Defendant's violations of Section 15(b) of BIPA.

FILED DATE: 11/15/2019 7:ZZ AM 2019CH13251

## PRAYER FOR RELIEF

[WHEREFORE]**THEREFORE**, Plaintiff, on behalf of [herself]**himself** and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate Sections [1-5]**15**(a) and 15(b) of BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(I);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: [October 8,]**November 15,** 2019[-]  Respectfully Submitted,

[ASIA HRYNIEWICKI]**MARTIN RAGSDALE**, individually and on behalf of a class of similarly situated individuals

By:  /s/ [Jad]**lad** Sheikali_____

*One [~~ofPleiintiff's'~~] **of Plaintiff's** Attorneys*

Jad Sheikali [~~(ARDC #6324641)~~][~~A ndrew~~]**Andrew** T. Heldut[ ~~(ARDC #633 1542) M CGUIRE~~]**MCGU1RE** LAW, P.C. **(#56618)**
55 W[~~,~~]**.** Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
 [~~jsheikali Nmcgpc.cOm aheldut J mcgpc.com~~]
**jsheikali@mcgpc.com**
**aheldut@mcgpc.com**
*[~~Atlo rneys fbr plaintiff and the Piitcitive Clei.ve~~] **Attorneys for Plaintiff and the Putative Class***

Document comparison by Workshare 9.5 on Monday, November 18, 2019 12:07:54 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\mp074453\Desktop\Amazon - AWS Hryniewicki BIPA Case\Asia Hryniewicki v Amazon Web Services Inc. complaint 10-8-19.pdf |
| Description | Asia Hryniewicki v Amazon Web Services Inc. complaint 10-8-19 |
| Document 2 ID | file://C:\Users\mp074453\Desktop\Amazon - AWS Hryniewicki BIPA Case\Ragsdale Complaint_AWS.pdf |
| Description | Ragsdale Complaint_AWS |
| Rendering set | MLB Set 1 |

| Legend: | |
|---|---|
| **Insertion** | |
| [Deletion ] | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 119 |
| Deletions | 103 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 222 |