**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ASIA HRYNIEWICKI, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 19-cv-07569 |
| v. | ) ) | Honorable Robert M. Dow, Jr. |
| AMAZON WEB SERVICES, INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) | |

**PLAINTIFF'S MOTION TO REMAND CLAIM UNDER 740 ILCS 14/15(a)**

Plaintiff Asia Hryniewicki ("Plaintiff"), individually and on behalf of all similarly situated individuals, and pursuant to 28 U.S.C. § 1447(c), hereby respectfully moves for entry of an Order remanding her claim brought pursuant to 740 ILCS 14/15(a) to the Circuit Court of Lake County, Illinois.

**I.      INTRODUCTION**

On May 5, 2020, the United States Court of Appeals for the Seventh Circuit issued its decision in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (hereinafter "*Bryant*"), resolving an issue that had divided courts in this District for years: whether (and which) violations of the Illinois Biometric Privacy Act, 745 ILCS 14/15 *et seq.* ("BIPA"), are injuries sufficient to confer standing under Article III of the Constitution. *Bryant* held that the disclosure obligations created by 740 ILCS 14/15(a) of BIPA ("Section 15(a)") – which requires private entities possessing biometrics to establish a publicly-available biometric retention and destruction schedule – are owed to the public generally, rather to any particular person, and are not part of BIPA's "informed consent" regime. Accordingly, the Seventh Circuit held that the plaintiff in *Bryant* did not suffer a concrete and particularized injury as a result of the defendant's violation of

1

Section 15(a), and thus lacked Article III standing to pursue that claim in federal court. On June 30, 2020, the Seventh Circuit modified its decision, but maintained its holding that an alleged violation of Section 15(a)'s public disclosure requirement, standing alone, does not confer Article III standing. *Bryant*, 958 F.3d at 626 (as modified).

In this case, Plaintiff's Section 15(a) claim alleges that Defendant Amazon Web Services, Inc. ("Defendant") failed to comply with Section 15(a)'s publication duty alone—precisely what the Seventh Circuit in *Bryant* determined insufficient to confer Article III standing. As a result, this Court lacks subject matter jurisdiction over Plaintiff's Section 15(a) claim. Thus, because Defendant removed this case from state court, and because this Court lacks jurisdiction over Plaintiff's Section 15(a) claim, Plaintiff's Section 15(a) claim must be remanded to the Circuit Court of Lake County, Illinois as a matter of law.[1]

## II.     PROCEDURAL HISTORY

Plaintiff initiated this action in the Circuit Court of Lake County, Illinois on October 8, 2019, alleging that Defendant violated two separate BIPA subsections: (1) Section 15(a), which requires, among other things, that private entities in possession of biometric information make publicly available a biometric data retention and destruction policy; and (2) 740 ILCS 14/15(b) ("Section 15(b)"). On November 15, 2019, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

---

[1] Because *Bryant* held that claims brought under 745 ILCS 14/15(b) do satisfy Article III requirements, Plaintiff does not argue herein that her Section 15(b) claim must also be remanded as a matter of law. However, because Plaintiff believes that the interests of efficiency and judicial economy may be best served by the adjudication of all of her claims against Defendant in the same forum, Plaintiff would be amenable to stipulating to remand this entire action to state court should the Court grant the instant Motion.

### III.     LEGAL STANDARD

If, in a removed case, a district court finds that it lacks subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994). Article III standing is a threshold element of federal subject matter jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Thus, if at any time Article III standing is lacking over a removed claim, the appropriate disposition is to remand that claim to the originating state court. *See* 28 U.S.C. § 1447(c); *Collier*, 889 F.3d at 897; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

### IV.     UNDER *BRYANT*, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S SECTION 15(a) CLAIM, REQUIRING REMAND TO STATE COURT.

Count I of Plaintiff's Complaint alleges that Defendant violated Section 15(a) by failing "to develop and make publicly available a biometric data retention and destruction policy." (Complaint, Dkt. 1-1, ¶ 37). This is all that the *Bryant* plaintiff alleged,[2] and precisely what the Seventh Circuit determined insufficient to confer Article III standing:

> Bryant alleged only a claim under the provision of [Section 15(a)] requiring development of a "written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information,'' not under the provision requiring compliance with the established retention schedule and destruction guidelines . . . This provision is not part of the informed-consent regime, and Bryant alleges no particularized harm that resulted from Compass's violation of section 15(a) . . . We conclude that Bryant did not suffer a concrete and particularized injury as a result of Compass's violation of section 15(a).

---

[2] The *Bryant* plaintiff alleged that the defendant in that case violated Section 15(a) by "possessing Plaintiff's . . . fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information." (*See Bryant v. Compass Group, Inc.*, No. 19-cv-06622, Dkt. 1-1 (N.D. Ill.), attached hereto as Exhibit A, ¶ 52).

*Bryant*, 958 F.3d at 626 (7th Cir. 2020); *see also Figueroa v. Kronos Inc.*, No. 19-cv-1306, 2020 WL 4273995, at *3 (N.D. Ill. July 24, 2020) (Feinerman, J.) ("*Bryant* straightforwardly holds that standing cannot rest on a mere violation of the publication duty"). Like the plaintiff in *Bryant*, Plaintiff here alleges only a violation of Defendant's publication duty. As a result, Plaintiff lacks Article III standing to proceed with her Section 15(a) claim in this Court.

Plaintiff's lack of standing to bring her Section 15(a) claim in *this* Court does not, however, preclude Plaintiff from proceeding with that claim in the Circuit Court of Lake County, Illinois, where this case was initially filed. Indeed, the Illinois Supreme Court has held that Illinois courts are "not required to follow federal law on issues of standing, and ha[ve] expressly rejected federal principles of standing." *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010); *Greer v. Ill Hous. Dev. Auth.*, 524 N.E.2d 561, 574 ("[T]o the extent that the State law of standing varies from Federal law, it tends to vary in the direction of greater liberality.").

Moreover, Plaintiff's lack of Article III standing deprives this Court of subject matter jurisdiction over her Section 15(a) claim, because a "federal court has subject matter jurisdiction over a claim only if the plaintiff has Article III standing to bring it." *Figueroa*, 2020 WL 4273995, at *2 (citing *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019)). Consequently, Plaintiff's Section 15(a) claim must be remanded to the Circuit Court of Lake County, Illinois – the court from which this case was removed – because where a district court lacks subject matter jurisdiction over a removed claim, the only authorized result is remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded"); *Collier*, 889 F.3d at 897 (7th Cir. 2018) ("[Section] 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements"); *Bergquist*, 592 F.3d

4

at 819 (where some parts of a removed case are within federal jurisdiction and others are not, partial remand is appropriate).

## V.    CONCLUSION

For the foregoing reasons, Plaintiff Asia Hryniewicki respectfully requests that the Court enter an Order: (i) remanding Plaintiff's claim under 740 ILCS 14/15(a) to the Circuit Court of Lake County, Illinois; and (ii) for such other and further relief the Court deems reasonable and just.

Dated: August 28, 2020                                      Respectfully submitted,

ASIA HRYNIEWICKI, individually and on behalf of similarly situated individuals

By:     /s/ Timothy P. Kingsbury
        *One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 28, 2020, I caused the foregoing *Plaintiff's Motion to Remand Claim Under 740 ILCS 14/15(a)* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Timothy P. Kingsbury